UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BOBBY KING,

Petitioner

v.

JULIE WOLCOTT, Orleans Superintendent,

Respondent.

**DECISION AND ORDER**

6:20-CV-6279 EAW

**INTRODUCTION**

*Pro se* petitioner Bobby King ("Petitioner"), a prisoner confined at the Orleans Correctional Facility, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Dkt. 1). Petitioner seeks immediate release, alleging that he faces imminent danger due to his potential exposure to COVID-19 while in custody. (*Id.*). Petitioner also filed a motion for a preliminary injunction and temporary restraining order. (Dkt. 3). Although Plaintiff characterized his petition as being brought pursuant to § 2241, the Court converted it to a petition brought pursuant to 28 U.S.C. § 2254. (Dkt. 5; Dkt. 6). Presently before the Court is Respondent's motion to dismiss the petition. (Dkt. 8). Petitioner has not filed any opposition to Respondent's motion, notwithstanding the Court's admonition that failure to respond may result in dismissal of his petition. (Dkt. 9). For the reasons discussed below, the motion to dismiss is granted, the petition is dismissed without

prejudice, and the motion for a preliminary injunction and temporary restraining order are denied as moot.

**DISCUSSION**

Under § 2254, "a person in custody pursuant to the judgment of a State court" may seek a writ of habeas corpus "on the ground that he is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). Respondent advances two arguments in support of her motion to dismiss: first, that Petitioner's claim is not cognizable in a § 2254 proceeding because the relief sought is only available under 42 U.S.C. § 1983, and second, that even if cognizable, Petitioner failed to exhaust his state remedies prior to filing his petition.

As to the first argument, some courts in this Circuit have rejected the argument that claims similar to those advanced by Petitioner are not cognizable in a § 2254 proceeding. *See*, *e.g.*, *Carter v. Fields*, No. 19-CV-5364 (PKC), 2020 WL 5517241, at *1 n.3 (E.D.N.Y. Sept. 14, 2020) ("The Court rejects, as other courts in this Circuit have, Respondent's argument that . . . conditions of confinement claims may not be addressed via habeas."); *Tripathy v. Schneider*, 473 F. Supp. 3d 220, 228 (W.D.N.Y. 2020) (rejecting argument "that Section 2254 is an improper vehicle for litigating conditions of confinement claims brought by state prisoners who, as their only remedy, request immediate release from detention"). But the Court need not resolve whether Petitioner's § 2254 claim is cognizable because it is subject to dismissal for failure to exhaust state court remedies.

Section 2254 requires persons "in custody pursuant to the judgment of a State court" to "exhaust[ ] the remedies available in the courts of [that] State" before a federal court

may grant them relief. *Picard v. Connor*, 404 U.S. 270, 271 n.2 (1971); *see, e.g.*, *Daye v. Attorney General*, 696 F.2d 186, 190-91 (2d Cir. 1982) ("The federal habeas corpus statute . . . embodies the long-established principle that a state prisoner seeking federal habeas review of his conviction ordinarily must first exhaust available state remedies."). "Exhaustion of state remedies requires presentation of the claim to the highest state court from which a decision can be obtained." *Hogan v. Ward*, 998 F. Supp. 290, 293 (W.D.N.Y 1998) (citing *Daye*, 696 F.2d at 190 n.3); *O'Sullivan v. Boerckel*, 526 U.S. 838, 839-40 (1999) (holding that a state prisoner must present his claims to the highest state court in a petition for discretionary review in order to satisfy the exhaustion requirement of § 2254).

There are only two grounds upon which exhaustion may be excused: (1) if "there is an absence of available State corrective process," or (2) if "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). "When a claim has never been presented to a state court, a federal court may theoretically find that there is an 'absence of available State corrective process' . . . if it is clear that the unexhausted claim is procedurally barred by state law and, as such, its presentation in the state forum would be futile. In such a case the habeas court theoretically has the power to deem the claim exhausted." *Aparicio v. Artuz*, 269 F.3d 78, 91 (2d Cir. 2001). "Where a petitioner has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the petitioner can demonstrate either 'cause' and actual 'prejudice,' or that [s]he is 'actually innocent.'" *Danielson v. Lee*, 715 F. App'x 45, 47 (2d Cir. 2017) (quoting *DiSimone v. Phillips*, 461 F.3d 181, 190-91 (2d Cir. 2006)).

COVID-19-related claims are subject to the exhaustion requirement and there is no evidence that Petitioner exhausted his claim. *See Williams v. New York*, No. 20-CV-619, 2020 WL 5995185, at *2 (W.D.N.Y. Oct. 8, 2020) ("Accordingly, this Court dismisses Williams's petition for failure to exhaust. In so ruling, the Court joins federal district courts around the country—including in this district—that have recently dismissed . . . COVID-19-related § 2254 petitions for failure to exhaust state remedies.") (citations omitted). Petitioner has not alleged or presented any proof that that he exhausted state remedies (*see* Dkt. 1), and Respondent submitted a declaration in support of her motion to dismiss averring that no records of exhaustion by Petitioner were identified in a search of records (Dkt. 8-1 at ¶ 5). Moreover, remedies were available to Petitioner to exhaust COVID-19-related claims and there is nothing before the Court to otherwise demonstrate that an exception to the exhaustion requirement is present. *See Simpson v. New York St. Dep't of Corr.*, No. 9:20-cv-1363, 2020 WL 6799370, at *2 (N.D.N.Y. Nov. 19, 2020) (outlining processes available to inmates challenging confinement based on COVID-19 related grounds); *Johnson v. Schneider*, No. 20-CV-888(JLS), 2020 WL 4905361, at *2 (W.D.N.Y. Aug. 18, 2020) (same).

In sum, Petitioner has not alleged that he has exhausted his claim, provided any proof of exhaustion, or proffered a basis to apply an exception to the exhaustion requirement. This failure to properly exhaust remedies subjects the petition to dismissal without prejudice. *See Simpson*, 2020 WL 6799370, at *3 ("Based on the foregoing, the petition is premature and is dismissed without prejudice to re-filing one complete petition once petitioner has pursued and exhausted all the claims to raise in the state courts.");

*Johnson*, 2020 WL 4905361, at * 3 (dismissing petition without prejudice for failure to exhaust and noting that "[o]ther courts have reached similar conclusions when faced with habeas petitions seeking release from state custody based on the COVID-19 pandemic").

**CONCLUSION**

For the reasons set forth above, Respondent's motion to dismiss (Dkt. 8) is granted and the petition (Dkt. 1) is dismissed without prejudice. Petitioner's motion for a preliminary injunction and temporary restraining order is denied as moot. (Dkt. 3). The Clerk of Court shall close this case.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: March 4, 2021
Rochester, New York